UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.   ) | CR424-068 |
| ) | |
| RONALD MILTON, ) | |
| ) | |
| Defendant.   ) | |

**REPORT AND RECOMMENDATION**

Defendant Ronald Milton is charged with one count of Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1). Doc. 1 (Indictment). He moves to suppress evidence obtained during a search incident to his arrest pursuant to a criminal warrant. Doc. 27. The Government responded, doc. 28, and Defendant replied, doc. 31. The Court held a hearing on January 6, 2025. Doc. 35 (Minute Entry). Defendant submitted a post-hearing brief. Doc. 37. The Motion is ripe for disposition.

I.   **BACKGROUND**

As Defendant's Motion recounts, in July 2023, Savannah Police officers were summoned to a local park by the victim of an alleged assault. *See* doc. 27 at 1. Detective Braden Simmons investigated the assault and ultimately sought an arrest warrant for Defendant Ronald

1

Milton from Chatham County Recorders Court Judge Claire C. Williams. Doc. 35-2. The affidavit in support of the arrest warrant is short. *See id.* at 1. In it, Detective Simmons provided the following information:

> Personally came **Braden Simmons** who on oath says that to the best of **his/her** knowledge and belief **Ronald Lamont Milton** on or between **07-18-2023 16:10** did commit the offense of:
>
> **1 Count(s) of 16-5-21—Aggravated Assault–(Felony)**
>
> At 14 Jenks Street, Savannah, Georgia, 31415 by: pointing a revolver at Ms. Jasmine Anderson while threatening to kill her and subsequently striking her on the head with the weapon in Chatham, Georgia and his deponent makes this affidavit that a warrant may issue for the arrest of said defendant.

*Id.* Judge Williams issued the warrant on July 22, 2023. *Id.* According to an exhibit attached to the Government's response, another officer, Corporal S. Brown, executed the warrant on July 26, 2023. Doc. 28-2 at 1; *see also* doc. 27 at 3 (indicating Milton was arrested pursuant to the warrant on July 26, 2023). During a search of Milton incident to that arrest officers found the firearm that forms the basis for the instant charge. *See* doc. 28-1 at 2-3; doc. 1 at 1.

Milton argues the arrest warrant was defective because it was not supported by probable cause, doc. 27 at 5,[1] and seeks to suppress the evidence obtained "as a result of his unlawful arrest," *id.* at 7. The Government responds that the affidavit in support of the warrant provided a sufficient basis for the issuing judge to find probable cause, and that, even if it did not, the good faith exception as articulated in *United States v. Leon*, 468 U.S. 897, 905-925 (1984) renders the evidence admissible. *See* doc. 28.

## II. ANALYSIS

The Fourth Amendment of the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. . . ." U.S. Const.

---

[1] In his initial Motion, he also argued that the warrant "was not dated and did not provide the title of Judge Williams," "did not specify where Defendant Milton might be located," and "did not specify what items might have been seized." Doc. 27 at 5. However, the warrant was dated July 22, 2023, and indicated that Claire Cornwell Williams signed the warrant in her capacity as a "Judicial Officer" of the Recorders Court of Chatham County, Georgia. Doc. 35-2 at 1. His Motion does not explain why the warrant's alleged failure to "specify where Defendant Milton might be located," or to "specify what items might have been seized," renders the arrest warrant invalid. *See generally* doc. 27; *see also* L.R. Crim. 12(e). Additionally, in his reply brief, during his counsel's argument during the hearing, and in his post-hearing brief, Defendant focused his challenge to the alleged lack of probable cause and did not provide any argument as to any other potential defects in the warrant. *See generally* docs. 31 & 37. Therefore, the Court only addresses the challenge to the issuing judicial officer's probable cause determination.

Amend. IV. When police lawfully seize a defendant pursuant to an arrest warrant, they may lawfully search his person incident to arrest without separate suspicion. *See United States v. Robinson*, 414 U.S. 218, 225-27 (1973); *see also, e.g.*, *United States v. Goddard*, 312 F.3d 1360, 1364 (11th Cir. 2002) (acknowledging that "a full search incident to a lawful arrest" is reasonable under the Fourth Amendment). Because Defendant Milton seeks to suppress evidence seized during a search incident to his arrest pursuant to a warrant, he bears the burden of establishing that the warrant was defective. *See Batten v. United States*, 188 F.2d 75, 77 (5th Cir. 1951);[2] *see also United States v. Bushay*, 859 F. Supp. 2d 1335, 1377 (N.D. Ga. 2012) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978); *United States v. Van Horn*, 789 F.2d 1492, 1500 (11th Cir. 1986); *United States v. Marx*, 635 F.2d 436, 441 (5th Cir. 1981); and *United States v. Osborne*, 630 F.2d 374, 377 (5th Cir. 1980)).

Defendant argues the arrest warrant issued by Judge Williams of the Chatham County Recorders Court is defective because it is based on an affidavit that "is devoid of any facts in support of probable cause." Doc.

---

[2] Decisions of the former Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

4

27 at 5.  Under the Fourth Amendment "no Warrants shall issue, but upon probable cause . . . ."  U.S. Const. Amend. IV.  Probable cause exists when there are "facts and circumstances 'sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense.' "  *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)); *see also Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019).  The Fourth Amendment requires only "a reasonable ground for belief of guilt" and "that the belief of guilt . . . be particularized with respect to the person to be . . . seized."  *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (internal quotes and citations omitted).  Probable cause "is a practical, nontechnical conception that deals with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."  *Id.* at 370 (internal citations and quotations omitted).  "It is 'a doctrine of reasonable probability and not certainty.'"  *United States v. Harrell*, 603 F. App'x 877, 879 (11th Cir. 2015) (quoting *Craig v. Singletary*, 127 F.3d 1030, 1042 (11th Cir. 1997)).

This Court must employ an exceedingly deferential standard when reviewing the state judge's probable cause determination.  Probable cause determinations are informed by a "totality-of-the-circumstances

5

analysis." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). A reviewing court's task is not to make a *de novo* finding of probable cause but rather to decide whether the issuing judicial officer—whose assessment of the affidavit's factual presentation is entitled to "great deference"—had a "substantial basis" for finding probable cause. *Id.* at 236, 238-39; *see also United States v. Leon*, 468 U.S. 897, 914 (1984) ("Reasonable minds frequently may differ on the question of whether a particular affidavit establishes probable cause, and we have thus concluded that the preference for warrants is most appropriately effectuated by according 'great deference' to a magistrate's determination.") (citations omitted).

Given this deferential standard of review, the Court should find that Judge Williams had a substantial basis for finding probable cause. Detective Simmons' affidavit provides testimony under oath that, to the best of his knowledge and belief, on July 18, 2023 at 4:10 p.m. at a location in Savannah, Georgia, Ronald Lamont Milton pointed a revolver at the victim, threatened to kill her, and struck her on the head with the weapon. Doc. 35-2 at 1. Those facts provide a substantial basis to support Judge Williams' determination of probable cause that Milton committed an aggravated assault under Georgia law. In other words, the

facts were "sufficient to warrant a reasonable belief that the suspect had committed . . . a crime." *United States v. Floyd*, 281 F.3d 1346, 1348 (11th Cir. 2002). She did more than "accept without question [Simmons'] mere conclusion that the person whose arrest is sought has committed a crime." *Giordenello v. United States*, 357 U.S. 480, 486 (1958). While it does appear that the affiant could have presented additional facts to support the probable cause determination, additional facts were not necessary to meet the standard.

Even if the warrant were not supported by probable cause, the Court should not suppress the firearm. Evidence seized as the result of an illegal search may not be used by the government in a subsequent criminal prosecution. *See, e.g., Franks*, 438 U.S. at 171 (1978). The exclusionary rule, as it is known, is "a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect." *United States v. Calandra*, 414 U.S. 338, 348 (1974). One exception to this rule is the *Leon* good faith exception, which applies where an officer obtained evidence in reasonable reliance on a

7

subsequently invalidated warrant. 468 U.S. at 922.³ The Supreme Court, in fashioning this exception, explained that "suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule." *Id.* at 918. The Government bears the burden of demonstrating that the good faith exception applies. *United States v. Morales*, 987 F.3d 966, 974 (11th Cir. 2021).

*Leon*'s good faith exception applies in all but four limited sets of circumstances: (1) where "the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth;" (2) "where the issuing magistrate wholly abandoned his judicial role;" (3) where the affidavit supporting the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable;" and (4) where, depending upon the circumstances of the particular case, a warrant is "so facially deficient—i.e., in failing to

---

³ Although Defendant indicated during oral argument that the *Leon* framework did not apply to arrest warrants, as compared to search warrants, his post-hearing brief "concedes that the good faith exception and the exception's limitations . . . apply to the analysis and the defective arrest warrant now before this Court." Doc. 37 at 1.

particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid." *Leon*, 468 U.S. at 923 (internal citations and quotation marks omitted).

Milton argues against the application of *Leon*, and in favor of application of the exclusionary rule, because the issuing judicial officer abandoned her judicial role by operating as a mere "rubber stamp" for the investigating officer, doc. 27 at 4. The Eleventh Circuit has found it "clear" that "a magistrate judge should read the warrant and make his own independent assessment as to whether the warrant and its underlying affidavit contain a sufficient amount of information to support a finding of probable cause." *United States v. Martin*, 297 F.3d 1308, 1317 (11th Cir. 2002). Otherwise, if a judge "solely relies upon the fact that police officers are asking for the warrant," the judge merely acts as a "rubber stamp" and substitutes the police officer's assessment of the facts for his own independent analysis. *Id*. That is not what happened here. The affidavit presented to Judge Williams provided sworn testimony that Milton had pointed a gun at the victim, threatened to kill her, and struck her on the head with the gun. Doc. 35-2. Judge Williams

did not "cross the line and wholly abandon [her] judicial role" when she reviewed those facts and issued the warrant. *Martin*, 297 F.3d at 1317.

Milton also argues against application of the *Leon* exception because the warrant was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Doc. 37 at 1-2 (quoting *Leon*, 468 U.S. at 915) (internal quotations omitted). The Eleventh Circuit has recently clarified that "the exclusionary rule applies only if 'the police exhibit deliberate, reckless, or grossly negligent disregard for Fourth Amendment rights.'" *United States v. McCall*, 84 F.4th 1317, 1323 (11th Cir. 2023) (quoting *Davis v. United States*, 564 U.S. 229, 238 (2011)). As the appellate court explained, "[i]n the ordinary case, an officer cannot be expected to question a judge's decision that the requirements for a warrant have been satisfied or that the form of the warrant is sufficient. [Cit.] Therefore, suppressing evidence discovered pursuant to a warrant generally cannot logically contribute to deterrence." *Id.* (internal citation, quotations, and alteration omitted). Given the finding above that the issuing judicial officer had, at least, a substantial basis to find probable cause to issue the arrest warrant, it also follows that the officer who executed the arrest warrant was

10

objectively reasonable in his reliance on the warrant. *Morales*, 987 F.3d at 976.

## III. CONCLUSION

For the foregoing reasons, the Court should **DENY** Defendant's Motion to Suppress. Doc. 27.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 23rd day of January, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA