IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:24-cr-68 |
| RONALD MILTON | |
| Defendant. | |

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's January 24, 2025, Report and Recommendation, (doc. 38), to which Defendant Ronald Milton has objected, (doc. 39). For the following reasons, the Defendant's objections are **OVERRULED**, the Report and Recommendations is **ADOPTED**, (doc. 38), and Defendant's Motion to Suppress is **DENIED**, (doc. 27).

Defendant moves to suppress evidence seized from his person during a search incident to his arrest pursuant to a criminal warrant. (Doc. 38, p. 1.) Defendant argues the warrant was defective because it was based on an affidavit that lacked probable cause. (Id., p. 4.) The Magistrate Judge recommends denying the motion because the state court judge who issued the arrest warrant had a substantial basis for finding probable cause, and, even if the warrant were not supported by probable cause, suppression would still be inappropriate under the good faith exception established by the Supreme Court in United States v. Leon, 468 U.S. 897, 914 (1984). (Id., pp. 6-11.)

Defendant's objections reiterate his argument that the warrant was issued without probable cause since it was based on a warrant application and affidavit that failed to "establish[ ] the basis

for the officer's belief that the crime occurred or that the offender was Defendant Milton." (Doc. 39, p. 2.)  The Magistrate Judge's recommendation emphasizes the "exceedingly deferential standard" that must be employed when reviewing the state court judge's probable cause determination.  (Doc. 38, pp. 5-6.)  The Court concurs with the Magistrate Judge that, under the applicable deferential standard, the issuing judge had a substantial basis for finding probable cause. (Doc. 38, p. 6.)  Even if the Court were to disagree as to the existence of probable cause, however, the Defendant would still not be entitled to the application of the exclusionary rule.

Defendant argues against the application of Leon's good faith exception, reaffirming his argument that the state court judge who issued the warrant merely "rubber stamped the officer's assertion that probable cause existed to believe that a crime occurred and that Defendant Milton had any connection to it."  (Doc. 39, pp. 2-3.)  The Court disagrees, instead concurring with the Magistrate Judge's conclusion that "Judge Williams did not 'cross the line and wholly abandon [her] judicial role' when she reviewed [the facts in the affidavit] and issued the warrant."  (Doc. 38, pp. 9-10.)  Moreover, the Report and Recommendation accurately states the Eleventh Circuit's instruction that the exclusionary rule should only be applied if "the police exhibit deliberate, reckless, or grossly negligent disregard for Fourth Amendment rights."  (Id., p. 10 (quoting United States v. McCall, 84 F.4th 1317, 1323 (11th Cir. 2023)).)  The Court agrees with the Magistrate Judge that the police conduct in this case is not the type contemplated by the Eleventh Circuit, and that the officer who executed the arrest warrant was objectively reasonable in his reliance on the warrant.  (Id., pp. 10-11.)

For the foregoing reasons, therefore, the Defendant's objections are **OVERRULED**, and the Court **ADOPTS** the Report and Recommendation as its opinion.  (Doc. 38.)  The Defendant's Motion to Suppress is **DENIED**.  (Doc. 27.)

**SO ORDERED**, this 14th day of February, 2025.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA